IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID ROBINSON                              :        CIVIL ACTION
                                            :
              v.                            :
                                            :
JOSEPH SMITH, et al.                        :        NO.  05-4970

## REPORT AND RECOMMENDATION

**JACOB P. HART**
**UNITED STATES MAGISTRATE JUDGE**                    **February    15    , 2006**

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by

an individual currently incarcerated at the Lewisburg Penitentiary in Lewisburg, Pennsylvania.

For the reasons that follow, I recommend that the petition be dismissed as untimely filed.

## FACTS AND PROCEDURAL HISTORY:

On June 26, 2002, after a bench trial before the Honorable Rose Marie DeFino-Nastasi,

Robinson was convicted of two counts of aggravated assault, two counts of simple assault, and

one count of resisting arrest.  From Robinson's petition, it appears that the charges stem from an

incident during which SWAT Team members were called to subdue Robinson, who at the time

was "a 300 lb man high on crack" and "intoxicated beyond normal comprehension."  See Habeas

Petition, at ¶ 12A.  At least two of the officers were injured in the ensuing scuffle.  On September

16, 2002, Judge DeFino-Nastasi sentenced Robinson to 11½ - 23 months' imprisonment.[1]

Robinson did not file a direct appeal.  On May 23, 2003, Robinson filed a petition

pursuant to Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§ 9541-9551.

---

[1]It is unclear from the petition and the record before this court whether Robinson was still
"in custody" on this conviction at the time he filed his habeas petition.  However, it appears from
Robinson's response to the District Attorney's supplemental response that he may have been
serving a probationary portion of the sentence at the time he filed his habeas petition.

On January 29, 2004, the PCRA Court dismissed the petition, and Robinson filed a timely appeal. On October 27, 2004, the Superior Court dismissed the appeal because Robinson failed to file an appellate brief. <u>Commonwealth v. Robinson</u>, 716 EDA 2004. Robinson failed to timely appeal the Superior Court's Order. However, on May 24, 2005, Robinson filed a petition for allowance of appeal *nunc pro tunc*. On June 28, 2005, the Pennsylvania Supreme Court denied Robinson's request. <u>Commonwealth v. Robinson</u>, 57 EM 2005.

On September 19, 2005, Robinson filed this habeas petition, claiming that: the evidence was insufficient to support the conviction for aggravated assault; the court erred in convicting petitioner of aggravated assault; the officers perjured themselves; and trial counsel was ineffective for failing to follow the petitioner's instructions.

In response, the District Attorney argues that the petition is untimely, the claims are procedurally defaulted, and meritless. We need go no further than the statute of limitations. With the passage of the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), Congress enacted a one-year limitations period for federal habeas corpus petitions. 28 U.S.C. § 2244(d). Ordinarily, the one-year period begins to run from the date on which the judgment became final in the state courts and is tolled only by a properly filed PCRA petition and any subsequent timely appeals. 28 U.S.C. § 2244(d)(1)(A) and (d)(2).

Here, Robinson's conviction became final on October 16, 2002, when the time for filing a direct appeal in the Superior Court expired. <u>See</u> Pa.R.App.P. 903(a)(allowing 30 days for the filing of an appeal to the Superior Court). Two hundred and nineteen days later, Robinson filed a PCRA petition, tolling the habeas limitations period. The Superior Court dismissed the appeal from the denial of collateral relief on October 27, 2004. Because Robinson did not timely seek

review in the state Supreme Court, the habeas limitations period resumed running on November 26, 2004, when the time for seeking allocatur expired.  <u>See</u> Pa.R.App.P. 1113(a)(allowing 30 days for the filing of a petition for allowance of appeal).  At that point, having waited 216 days to file his PCRA petition, Robinson had only 146 days remaining to timely file a habeas petition.  Therefore, any habeas petition had to be filed on or before April 21, 2005.  As previously stated, Robinson did not file this habeas petition until September 19, 2005, nearly five months after the limitations period had expired.  Therefore, it is clearly untimely.

Although the limitations period may also be subject to equitable tolling, Robinson has given this court no reason to do so.  Equitable tolling is appropriate "when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights."  <u>Miller v. New Jersey State Department of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998).  The Third Circuit has found that equitable tolling is appropriate in four narrow circumstances: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum; or (4) if the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him.  <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999).  However, equitable tolling is to be invoked "only sparingly."  <u>See</u> <u>United States v. Midgley</u>, 142 F.3d 174, 179 (3d Cir. 1998).  In addition, the Third Circuit has found that the hallmark of equitable tolling is reasonable diligence on behalf of the petitioner.  <u>See</u> <u>Miller</u>, at 618-619 (requiring the petitioner to establish that he exercised reasonable diligence in investigating and bringing his claims); <u>Phillips v. Donnelly</u>, 216 F.3d 508, 511 (noting petitioner had pursued his

claims with diligence and alacrity).

Here, in his Reply to the District Attorney's Response, Robinson argues that, in assessing the timeliness of his petition, the court should consider the fact that his state appeals were on-going and the necessity to exhaust his state court remedies.  However, a review of Robinson's appeals in the state court reveals lengthy delays and a failure to abide by appellate rules.  These actions (or inactions) do not exemplify the diligence required for equitable tolling.

Finally, we note that in his Reply to the District Attorney's Response to the petition, Robinson challenges a sentence enhancement he received on a subsequent federal bank robbery conviction.  It appears that the federal sentence was enhanced based on the conviction which Robinson attacks in his habeas petition.  His federal conviction and sentence are not subject to review through the habeas petition he filed.  The only conviction we are currently reviewing is the assault and resisting arrest conviction before Judge DeFino-Nastasi.  With regard to the petition attacking that conviction, the habeas petition is untimely and should be dismissed.

4

Therefore, I make the following:

## R E C O M M E N D A T I O N

AND NOW, this      15th      day of      February                 , 2006, IT IS

RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be dismissed.

There has been no substantial showing of the denial of a constitutional right requiring the

issuance of a certificate of appealability.

/s/ Jacob P. Hart, MJ

_____

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID ROBINSON                    :        CIVIL ACTION
                                  :
        v.                        :
                                  :
JOSEPH SMITH, et al.              :        NO.  05-4970

**O R D E R**

RONALD L. BUCKWALTER, S.J.,

        AND NOW, this                day of                    , 2006,

upon careful and independent consideration of the petition for writ of habeas corpus, and

after review of the Report and Recommendation of United States Magistrate Judge Jacob

P. Hart, IT IS ORDERED that:

        1.  The Report and Recommendation is APPROVED and ADOPTED.

        2.  The petition for a writ of habeas corpus is DISMISSED.

        3.  There is <u>no</u> basis for the issuance of a certificate of appealability.

                            BY THE COURT:


        _____

                            RONALD L. BUCKWALTER, S.J.